USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERIN VARGHESE,<br><br>        Plaintiff,<br><br>-against-<br><br>PLECOSYSTEMS INC. and WARREN CASEY,<br><br>        Defendants. | 1:23-cv-03830 (MKV)<br><br>**OPINION AND ORDER GRANTING DEFAULT JUDGMENT** |

MARY KAY VYSKOCIL, United States District Judge:

  The Court held a hearing on Plaintiff's motion for a default judgment in this matter on July 8, 2025. As explained at that hearing and as further detailed below, Plaintiff's motion for default as to Defendants Plecosystems Inc. and Warren Casey is GRANTED.

## BACKGROUND

  Plaintiff, Jerin Varghese, brings this action against Defendants, Plecosystems Inc. and Warren Casey, alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law Act ("NYLL"). [ECF No. 1, ("Compl.")]. The Complaint alleges that Plaintiff was employed by Defendants for approximately 15 months and that Defendants did not pay Plaintiff for his last several weeks of work. Compl. ¶¶ 18, 20. The Complaint further alleges that during these last several weeks, Plaintiff worked about 45 hours per week. Compl. ¶ 35. Plaintiff alleges that this total failure to pay amounts to violations under both the FLSA and the NYLL to pay minimum wage and to compensate appropriately for overtime hours. Compl. ¶¶ 28, 42.

  Plaintiff initiated this action by filing the Complaint on May 8, 2023. [ECF No. 1]. On June 12, 2023, Plaintiff filed proof of service indicating that both Defendants were served with the Complaint on June 8, 2023. [ECF Nos. 8, 9, 10]. Months later, in November 2023, the Clerk of Court entered certificates of default against both Defendants. [ECF Nos. 28, 29]. In September

1

2024, the Court issued an Order To Show Cause directing Plaintiff to show cause why this case should not be dismissed for failure to prosecute. [ECF No. 30]. Plaintiff responded to the Court's Order and sought leave to move for default. [ECF No. 31]. Thereafter, Plaintiff filed his motion for default judgment along with a memorandum of law in support. [ECF Nos. 33, 35].

After reviewing Plaintiff's motion, the Court issued an Order To Show Cause why judgment should not be entered against Defendants, ordered all parties to appear for a hearing on Plaintiff's motion, and further ordered Plaintiff to serve all papers in support of his motion for default judgment on Defendants. [ECF No. 39]. Plaintiff filed proof of service indicating that, on May 19, 2025, Defendants were served by mail and e-mail with Plaintiff's motion and the Court's Order To Show Cause. [ECF No. 40]. The Court held a hearing on the motion for default judgment on July 8, 2025. [ECF No. 47, ("Def. Hearing Tr.")]. Counsel for Plaintiff attended the hearing. Defendants failed to respond to the Order To Show Cause or appear at the hearing.

## **LEGAL STANDARD**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)); *see also* Fed. R. Civ. P. 55. The entry of a default judgment is in the sound discretion of the trial court. *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir. 2013); *O'Callaghan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing *Shah v. N.Y. Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999)) ("[T]he decision to grant a motion for a default judgment lies in the sound discretion of the trial court."). If the Court establishes that entry of default judgment is appropriate, it must then assess "whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability with respect to each cause of action asserted." *Santana v. Latino Express*

*Restaurants, Inc.*, 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016).  However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," so the Court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

## DISCUSSION

### I.  Subject Matter Jurisdiction

"Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action."  *Mt. Hawley Ins. Co. v. Pioneer Creek B LLC*, No. 20-CV-00150, 2021 WL 4427016, at *3 (S.D.N.Y. Sept. 27, 2021).  Plaintiff alleges violations of the FLSA, a federal statute, and the claims under the NYLL arise from the same facts and thus, the Court has subject matter jurisdiction over all claims in this action.  *See* 28 U.S.C. §§ 1331, 1367.

### II.  Entry of Default Judgment Is Appropriate.

"When determining whether to grant a motion for default judgment, courts in this district consider three factors: (1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment."  *Santana*, 198 F. Supp. 3d at 291.  As service was accepted in June 2023, and Defendants have to date filed no answer, the Court finds that Defendants' default was willful.  *See Gustavia Home, LLC v. Vielman*, No. 16-CV-2370, 2017 WL 4083551, at *5 (E.D.N.Y. Aug. 25, 2017), *report and recommendation adopted*, No. 16-CV-2370, 2017 WL 4083156 (E.D.N.Y. Sept. 14, 2017) (holding that a defendant's "failure to respond to the Complaint demonstrates willfulness").  Since Defendants did not file an answer, they have failed to present any defense, so the Court is entitled to assume that there is none.  *Robertson v. Doe*, No. 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June

3

19, 2008) (finding that when a defendant does not present a defense the Court need not consider this factor). The Court further finds that denying this motion would be prejudicial to Plaintiff because "there are no additional steps available to secure relief in this Court." *Alston as Tr. of Loc. 272 Lab.-Mgmt. Fund v. Select Garages, LLC*, No. 24-CV-5439, 2025 WL 472581, at *4 (S.D.N.Y. Jan. 21, 2025), *report and recommendation adopted sub nom. Alston as Tr. of Loc. 272 Lab.-Mgmt. Pension Fund v. Select Garages, LLC*, No. 24-CV-5439, 2025 WL 580275 (S.D.N.Y. Feb. 21, 2025); *see also Falls Lake Nat'l Ins. Co. v. BNH Constr. (NY) Inc.*, No. 24-CV-4244, 2025 WL 925826, at *15 (E.D.N.Y. Mar. 27, 2025). As a result, all three factors weigh in favor of a finding that entry of default judgment is appropriate.

## III. Personal Jurisdiction

"In this Circuit, a court may -- but is not required to -- undertake a personal jurisdiction analysis before granting default judgment." *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 479 (S.D.N.Y. 2021) (citing *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010)). To conduct such an analysis, the Court must "determine whether the defendant is subject to jurisdiction under the law of the forum state" and "consider whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution." *Reilly v. Com.*, No. 15-CV-05118, 2016 WL 6837895, at *2 (S.D.N.Y. Oct. 31, 2016). "The Due Process Clause is satisfied if the court has general or specific personal jurisdiction over the defendant." *Garzon v. Building Services Inc*, No. 24-CV-5429, 2025 WL 1871171, at *5 (S.D.N.Y. July 2, 2025).

Defendant Plecosystems is a Delaware Corporation with its principal place of business in New York and was properly served by Plaintiff. Complaint ¶ 5; *see* ECF No. 9. Defendant Casey, the CEO of Plecosystems, is a resident of New York, was properly served by Plaintiff, and in addition signed a waiver of service. Compl. ¶¶ 9-10; *see* ECF Nos. 8, 10. Therefore, this Court

4

has personal jurisdiction over Defendants. *See* N.Y. C.P.L.R § 301; Fed. R. Civ. P. 4(k); *Holguin v. Quality Furniture NY LLC*, No. 23-CV-0004, 2024 WL 4954048, at *5 (S.D.N.Y. Nov. 8, 2024), *report and recommendation adopted,* No. 23-CV-0004, 2025 WL 50016 (S.D.N.Y. Jan. 8, 2025) ("A court has general personal jurisdiction over an individual defendant sued in his or her place of domicile and over a corporate defendant sued in its state of incorporation or principal place of business").

## IV. Liability

The Court finds that Plaintiff has adequately pled all elements of his claims pursuant to the Fair Labor Standards Act and New York Labor Law. Def. Hearing Tr. 8:4-6. "For liability to attach under the [FLSA] or [NYLL], a defendant must be an 'employer.' " *Lipstein v. 20X Hosp. LLC*, No. 22-CV-04812, 2023 WL 6124048, at *5 (S.D.N.Y. Sept. 19, 2023) (citation omitted). Under the Fair Labor Standards Act, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d); *see also Nguyen v. Pho Vietnam 87 Corp.*, No. 23-CV-4298, 2025 WL 564546, at *4 (S.D.N.Y. Jan. 31, 2025), *report and recommendation adopted*, No. 23-CV-04298, 2025 WL 562763 (S.D.N.Y. Feb. 19, 2025). Courts must examine the "economic reality" to determine the employer status including "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Irizarry v. Catsimatidis*, 722 F.3d 99, 104-05 (2d Cir. 2013) (quoting *Barfield v. N.Y.C. Health & Hosps. Corp.,* 537 F.3d 132, 142 (2d Cir. 2008)).

Plaintiff alleged that he "worked as a business analyst for Defendants' firm for a little over a year." Compl. ¶¶ 1, 18. Plaintiff also alleged that Defendant Casey (the CEO of Defendant Plecosystems) is liable as an employer because he actively participated in the business and had

substantial control over the company's employees. Compl. ¶¶ 11, 12. Plaintiff also alleged that Defendant Casey had the power to hire and fire him, set his rate of pay, and dictate work tasks. ECF No. 35-1 ¶¶ 19–20. Although rather slim, these assertions are sufficient to allege *prima facie* employer status. *See, e.g., Zhen Ming Chen v. Y Cafe Ave B Inc.*, No. 18-CV-4193, 2019 WL 2324567, at *2 (S.D.N.Y. May 30, 2019); *Mondragon v. Keff*, No. 15-CV-2529, 2019 WL 2551536, at *7 (S.D.N.Y. May 31, 2019), *adopted by*, 2019 WL 2544666 (S.D.N.Y. June 20, 2019) (Courts afford the term employer "an expansive definition with striking breadth.") (internal quotations omitted).

The minimum wage provisions of the Fair Labor Standards Act applies only to employees (1) who are personally engaged in interstate commerce or in the production of goods for interstate commerce or (2) who are employed by an enterprise engaged in interstate commerce or in the production of goods for interstate commerce. *See* 29 U.S.C. § 206(a), (b); *see also Gomez v. El Rancho de Andres Carne de Tres Inc.*, No. 12-CV-1264, 2014 WL 1310296, at *3 (E.D.N.Y. Mar. 11, 2014), *report and recommendation adopted,* No. 12-CV-1264, 2014 WL 1310299 (E.D.N.Y. Mar. 31, 2014). For the purposes of FLSA coverage, an "enterprise engaged in commerce or in the production of goods for commerce" must have an "annual gross volume of sales made or business done . . . not less than $500,000." 29 U.S.C. § 203(s)(1). Plaintiff alleged that "Defendant Plecosystems had annual gross revenues in excess of $500,000" and "Defendant Plecosystems was engaged in interstate commerce and/or the production of goods for commerce." Compl. ¶¶ 6–7. This is sufficient to plead a *prima facie* case. *See Zhen Ming Chen*, 2019 WL 2324567, at *2 (concluding that in the context of a motion for default the allegations in the complaint that the defendant engaged in interstate commerce and has annual gross sales in excess of $500,000 is sufficient to establish FLSA coverage); *see also Archie v. Grand Cent. P'ship, Inc.,* 997 F. Supp.

6

504, 530 (S.D.N.Y. 1998) ("virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA").

The FLSA defines an employee as "any individual employed by an employer." 29 U.S.C. § 203(e)(1); *see also* N.Y. Lab. Law § 651(5) (defining an employee as "any individual employed or permitted to work by an employer in any occupation"). Plaintiff clearly alleged in the Complaint that he was an employee, specifically a senior business analyst, of Defendants, who worked from January 1, 2021 to March 25, 2022 and was supposed to be paid $110,000 per year on a salary basis which was increased to $132,000 a year in early 2022. Compl. ¶¶ 16, 18–19.

The FLSA "contains a litany of exemptions" from the minimum-wage and overtime pay provisions and therefore does not provide coverage for certain categories of employees. *See Chen v. Major League Baseball,* 6 F. Supp. 3d 449, 454 (S.D.N.Y. 2014), *aff'd*, 798 F.3d 72 (2d Cir. 2015). Examples of some of the exempted categories include "any employee employed in a bona fide executive, administrative, or professional capacity," *see* 29 U.S.C. § 213(a)(1), and "highly compensated employees" (earning more than $100,000 a year), *see* 29 C.F.R. § 541.601. However, "the burden of invoking these exemptions rests upon the employer." *Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 222 (2d Cir. 2002) (citing *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 394 n.11 (1960)); *Martin v. Malcolm Pirnie, Inc.*, 949 F.2d 611, 614 (2d Cir. 1991) ("an employer bears the burden of proving that its employees fall within an exempted category of the Act."); *see also Havey v. Homebound Mortgage, Inc.,* 547 F.3d 158, 163 (2d Cir. 2008) ("the burden rests on the employer to prove that a particular employee is exempt from the Act's requirements."). "In defaulting, Defendants have failed to invoke any exemptions." *Ore v. H & C Cleaning Corp.*, No. 22-CV-20, 2022 WL 19520879, at *9 (E.D.N.Y. Dec. 14, 2022), *report and recommendation adopted sub nom. Ore v. H & C Cleaning Corp.*, No. 22-CV-20, 2023 WL 2522814 (E.D.N.Y. Mar. 15, 2023); *see also Jose Cortez v. Brand Name 99 Cents & Up Corp.*,

7

No. 24-CV-5262, 2025 WL 1251297, at *3 n.6 (S.D.N.Y. Apr. 30, 2025) ("The Court does not address whether Plaintiff was an exempt employee for purposes of the FLSA. The application of an exemption under the FLSA is an affirmative defense, and an employer bears the burden of proving that its employees fall within an exempted category of the Act. Like other affirmative defenses, a Defendant's willful default constitutes a waiver of any affirmative defenses.") (internal citations omitted) (collecting cases).  Thus, the Court finds Plaintiff has sufficiently alleged his that he is an employee within the meaning of the FLSA and the NYLL.  Def. Hearing Tr. 4:8-10, 8:4-6.

The FLSA and NYLL each require an employer to pay an employee at least a minimum hourly rate for each hour the employee works.  29 U.S.C. § 206; N.Y. Lab. Law § 652.  The Fair Labor Standards Act requires employers to pay employees the higher of federal minimum wage, 29 U.S.C. § 206, and the state minimum wage, 29 U.S.C. § 218(a), for every hour worked. Additionally, both the FLSA and NYLL require employers to pay employees one-and-one-half times their regular rate of pay for hours worked over forty per week.  29 U.S.C. § 207(a)(1); 12 N.Y. COMP. CODES R. & REGS. tit. 12 § 142-2.2.  "To state a Fair Labor Standards Act minimum wage claim, it is sufficient for a plaintiff to allege facts about [his] salary and working hours, such that a simple arithmetical calculation can be used to determine the amount owed per pay period." *Henao v. Parts Auth., LLC*, No. 19-CV-10720, 2020 WL 5751175, at *4 (S.D.N.Y. Sept. 25, 2020). "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  "Courts apply the same analysis for FLSA and NYLL wage and hour violations, except that the NYLL does not require plaintiffs to show a nexus with interstate commerce or a minimum amount of annual sales." *See Tackie v. Keff Enter., Inc.*, No. 14-CV-2074, 2014 WL 4626229, at *2 n.2 (S.D.N.Y. Sept. 16,

8

2014). "In the context of a default, where the defendant has neither provided any employment records, nor otherwise rebutted the plaintiff's damages claims, it is sufficient for a plaintiff to rely on his 'recollection alone' to establish the hours he worked and the rates he should have been paid." *Mendoza v. Cavallo's of Chelsea, Inc.*, No. 18-CV-11147, 2022 WL 2531343, at *11 (S.D.N.Y. Apr. 12, 2022), *report and recommendation adopted,* No. 18-CV-1114, 2022 WL 4387494 (S.D.N.Y. Sept. 22, 2022).

Here, Plaintiff has alleged enough facts to sufficiently establish liability under the FLSA and NYLL for his minimum wage and overtime claims. Plaintiff alleged that Defendants failed to pay him anything for the last several weeks of his employment, and as such Defendants failed to pay Plaintiff the minimum wage for all hours that he worked, and failed to pay him overtime for the hours he worked more than 40 hours. Compl. ¶¶ 23–25, 32–41.

Section 191(3) of NYLL states that "if employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred." N.Y. Lab. Law § 191(3). Section 198-c of the NYLL requires employers to pay benefits or wage supplements, including vacation pay, that they have agreed to provide. N.Y. Lab. Law § 198-c. "This section codifies the general understanding that vacation and sick pay are purely matters of contract between an employer and employee." *Litras v. PVM Int'l Corp.*, No. 11-CV-5695, 2013 WL 4118482, at *10 (E.D.N.Y. Aug. 15, 2013). "Accordingly, a plaintiff claiming that she is owed accrued vacation pay under the NYLL must plead the existence of an agreement entitling her to vacation pay upon termination." *Id.* Plaintiff alleged that he worked under a written contract and that Defendants failed to paid wages owed, Compl. ¶¶ 31-32, and failed to pay him for his accrued paid time off. Compl. ¶ 33. In his memorandum in support of his motion for default judgment, Plaintiff clarified that there is email documentation of the

agreement between Plaintiff and Defendant to pay out the accrued paid time off and provided copies of the emails that show he is entitled to accrued vacation pay. ECF No. 35 at 16, Ex. 4-5.

### V. Damages

Even where default judgment is entered, the Court has an "obligation to ensure that the damages [are] appropriate." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997). Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court may conduct a hearing to assess damages, but such a hearing is "not necessary" when the Court has familiarity with the matter and "relie[s] upon detailed affidavits and documentary evidence." *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51. 54 (2d Cir. 1993). Under both the Fair Labor Standards Act and New York Labor Law, Plaintiff is entitled first to his actual damages, in this case, unpaid wages and unpaid overtime wages. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 198. Further, a plaintiff who successfully brings Fair Labor Standards Act or New York Labor Law claims to recover payments owed is also eligible to recover liquidated damages equal to the total amount of his compensatory damages. *See* 29 U.S.C. §216(b); N.Y. Lab. Law § 663(1); *see also Ramirez v. Devoe Grocery Store Inc*, No. 19-CV-00563, 2020 WL 13997207, at *9 (S.D.N.Y. July 20, 2020), *report and recommendation adopted sub nom. Gonzalez Ramirez v. Devoe Grocery Store Inc.*, No. 19-CV-563, 2020 WL 13997206 (S.D.N.Y. Oct. 2, 2020).

Plaintiff requests $13,032.13 in unpaid wages, $13,032.13 in liquidated damages on the unpaid wages, $1,427.85 in unpaid overtime, $1,427.85 in liquidated damages on the unpaid overtime, and attorneys' fees and costs to be determined later. ECF No. 35 at 20-21. In support of this request, Plaintiff has submitted sworn declarations and documentary evidence. *See* ECF Nos. 35, 35-1; 35-2; 35-3, 35-4, 35-5, 35-6. Based on the Court's independent review of these documents, the Court finds that Plaintiff's evidence "provide[s] a sufficient basis from which to

evaluate the fairness of the requested damages," *Jesus v. Gotham Cleaners Inc.*, No. 23-CV-4783, 2024 WL 4264906, at *4 (S.D.N.Y. Aug. 1, 2024), *report and recommendation adopted sub nom. De Jesus v. Gotham Cleaners, Inc.*, No. 23-CV-4783, 2024 WL 4891890 (S.D.N.Y. Nov. 26, 2024) (internal quotations omitted), and thus a total award in the amount of $28,919.96 and reasonable attorneys' fees and costs[1] is appropriate. Def. Hearing Tr. 8:9-13.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Judgment is hereby entered in favor of Plaintiff against Defendants in the amount of $28,919.96, representing $13,032.13 in unpaid wages for his last month of work; liquidated damages on the unpaid wages in the sum of $13,032.13; unpaid overtime in the amount of $1,427.85; liquidated damages on the unpaid overtime in the sum of $1,427.85; and reasonable attorneys' fees and costs incurred in this action in an amount to be determined later. The Court will simultaneously with the filing of this Opinion and Order refer Plaintiff's motion for attorneys' fees and costs [ECF No. 45] to Magistrate Judge Netburn for an inquest on reasonable attorneys' fees and costs.

The Clerk of Court respectfully is requested to terminate the motion at docket entry 33.

**SO ORDERED.**

Date: **August 12, 2025**  
**New York, NY**

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**

---

[1] Plaintiff has separately moved for attorneys' fees and costs. [ECF No. 45].