**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X

JERIN VARGHESE,

                                   **Plaintiff,**

                   -against-

PLECOSYSTEMS, INC., et al.,

                                   **Defendants.**

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___ 1/22/2026 ___

23-CV-03830 (MKV)(SN)

**REPORT &
RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE MARY KAY VYSKOCIL:**

As relevant here, Plaintiff Jerin Varghese ("Plaintiff") sued Defendants Plecosystems, Inc. and Warren Casey (the "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), violations of New York Labor Law ("NYLL"), violations of the Freelance Isn't Free Act ("FIFA"), and breach of contract. Following a hearing, Judge Vyskocil granted default judgment, finding that Plaintiff satisfied the elements required to prove his FLSA and NYLL claims. ECF No. 50. Judge Vyskocil referred this matter to me for a report and recommendation on attorney's fees and costs owed to Plaintiff.

I recommend that Plaintiff's motion be GRANTED in part, and that Plaintiff be awarded attorney's fees in the amount of $16,884.87 and costs in the amount of $851.49.

## DISCUSSION

Under the FLSA and NYLL, a prevailing party is entitled to recover reasonable attorney's fees and costs. See 29 U.S.C. § 216(b); NYLL §§ 198(1-a), 663. Courts determine the "presumptively reasonable fee" for an attorney's services by looking to "what a reasonable,

paying client would be willing to pay," "who wishes to pay the least amount necessary to litigate the case effectively." <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany</u>, 522 F.3d 182, 184 (2d Cir. 2011). The "presumptively reasonable fee" is the product of a reasonable hourly rate and the reasonable number of hours required by the case. <u>See</u> <u>Millea v. Metro-North R.R. Co.</u>, 658 F.3d 154, 166 (2d Cir. 2011).

Plaintiff seeks an award of $25,386.00 in attorney's fees for 152.2 hours of attorney and paralegal work. ECF No. 45-3 at 7. Attorney Penn Dodson is a founding partner at AndersonDodson, P.C. ("AndersonDodson"). She has practiced employment law since 2003 and worked as a junior partner at Goldberg & Dohan. She has presented at a number of employment law Continuing Legal Education programs through her membership with the National Employment Lawyers Association. ECF No. 45-5 ¶¶ 5-8. She requests an hourly rate of $450.00 for 11 hours of work and an hourly rate of $200.00 for 1.9 hours of travel time. ECF No. 45-4. Attorney William Castelli is an attorney at AndersonDodson who passed the bar exam in 2023 and was sworn as a member of the New York bar in September 2024. ECF No. 45-5 ¶ 15. He requests an hourly rate of $150.00 for 40.5 hours of work. ECF No. 45-4. Billy Hernandez is a law clerk at AndersonDodson. ECF No. 45-5 ¶ 16. He requests an hourly rate of $150.00 for 37.3 hours of work. ECF No. 45-4.

Plaintiff also seeks fees for work performed by four paralegals and two legal assistants. Lucy Espinal is a senior paralegal at AndersonDodson and has over 20 years of experience. ECF No. 45-5 ¶ 17. Plaintiff seeks an hourly rate of $175.00 for her paralegal work and $45.00 for her administrative work for a total of 24.3 hours of her work. ECF No. 45-4. Jess Velez is a paralegal at AndersonDodson. ECF No. 45-5 ¶ 17. She received her paralegal certificate in 2016. <u>Id.</u> Plaintiff seeks an hourly rate of $125.00 for her paralegal work and $45.00 for her administrative

work for a total of 1.8 hours of her work. ECF No. 45-3 at 1-2. Callyn Carter has been a paralegal at AndersonDodson since July 9, 2021. ECF No. 45-5 ¶ 19. She graduated from the University of North Georgia in 2021 and assists other paralegals in various ways. Id. Plaintiff seeks an hourly rate of $150.00 for her paralegal work and $45.00 for her administrative work for a total of 3 hours of her work. ECF No. 45-3 at 1. Jessica Balint is a paralegal at AndersonDodson. ECF No. 45-5 ¶ 17. She graduated from the University of Albany and began working as a paralegal in March 2022. Id. Plaintiff seeks an hourly rate of $150.00 per hour for her paralegal work and $45.00 for her administrative work for a total of 30 hours of her work. ECF No. 45-3 at 2-4. Marlin Pereira is a legal assistant at AndersonDodson and seeks an hourly rate of $72.00 for 1.6 hours of work. ECF No. 45-5 ¶ 21; ECF No. 45-3 at 6. Aida Montanez is a legal assistant at AndersonDodson and seeks an hourly rate of $12.50 for 0.8 hours of work. ECF No. 45-5 ¶ 22; ECF No. 45-3 at 1.

## I.    Reasonable Hourly Rates

"Courts in this District have recently determined that a reasonable rate for senior attorneys handling wage-and-hour cases, in this market, typically ranges from $300 to $400 per hour." Lu Wan v. YWL USA Inc., No. 18-cv-10334 (CS), 2021 WL 1905036, at *5 (S.D.N.Y. May 12, 2021) (cleaned up). But see, e.g., Ashkinazi v. Sapir, No. 02-cv-0002 (RCC)(MHD), 2005 WL 1123732, at *3 (S.D.N.Y. May 10, 2005) (awarding $425 per hour to a partner in a small firm specializing in employment law, with 26 years of experience). Higher rates may, however, be awarded where they are "unopposed and awarded in the context of a default judgment." Wan, 2021 WL 1905036, at *6. Given the passage of time and rising rates, this case's default posture, and Ms. Dodson's two decades of experience, $450.00 is a reasonable hourly rate for Ms. Dodson's work. Her requested hourly rate of $200.00 is reasonable for Ms.

3

Dodson's travel time. See Vicente v. Ljubica Contractors LLC, No. 18-cv-00419 (VSB) (OTW), 2019 WL 2137001, at *5 (S.D.N.Y. May 16, 2019) ("In this District, attorney travel time is generally compensated at 50% of the attorney's reasonable billing rate."). Similarly, the rates of $150.00 requested by associate attorney Mr. Castelli and law clerk Mr. Hernandez are reasonable. See Jones v. Pawar Bros Corp., No. 17-cv-3018 (PKC)(SJB), 2023 WL 6214213, at *9 (S.D.N.Y. Sept. 25, 2023).

Most of the paralegal rates requested are not reasonable in light of prevailing rates in this District. "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this District." Inga v. Nesama Food Corp., No. 20-cv-0909 (ALC)(SLC), 2021 WL 3624666, at *14 (July 31, 2021) (citing cases), report and recommendation adopted, 2021 WL 3617191 (S.D.N.Y. Aug. 16, 2021). Accordingly, I recommend that the senior paralegal rate for Ms. Espinal be reduced to $150 and the junior paralegal rate for Ms. Carter and Ms. Balint be reduced to $125. Ms. Velez's rate of $125 is reasonable in light of her experience.

In addition, I recommend not awarding fees for the paralegal's administrative tasks, which were billed at an hourly rate of $45.00. As a general matter, "[p]aralegal work . . . is not compensable if it is purely clerical." Khalil v. Original Homestead Rest., Inc., 657 F. Supp. 2d 470, 477 (S.D.N.Y. 2009). Non-compensable clerical work includes "downloading documents, transmitting correspondence and filing," as well as organizing files, reviewing pretrial procedures, and reviewing attachments to an e-mail. Agudelo v. E & D LLC, No. 12-cv-960 (HB), 2013 WL 1401887, at *3 (S.D.N.Y. Apr. 4, 2013) (citing Khalil, 657 F. Supp. 2d at 477). The paralegals billed $45 per hour for administrative tasks such as "periodic case review," "check status of case," "organize and file client documents," and "open matter tasks," which are clerical in nature. ECF No. 45-3 at 1-2. As such, it is not compensable. Accordingly, I

recommend that the Court not award fees for the 11 hours of clerical work performed by the paralegals.

Likewise, the work performed by the two legal assistants was clerical, and I recommend that the Court not compensate Plaintiff for the 2.4 hours billed by those legal assistants.

## II.    Reasonable Hours

When evaluating whether claimed hours are reasonable, "the district court should exclude excessive, redundant[,] or otherwise unnecessary hours, as well as hours dedicated to severable unsuccessful claims." Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1997). An attorney who requests "court-ordered compensation . . . must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983).

In support of their application, Plaintiff's attorney has submitted a billing invoice with contemporaneous time records. ECF Nos. 45-2, 45-3. The time records reflect that Ms. Dodson performed 11 hours of work and 1.9 hours of travel. ECF No. 45-4 at 1. Junior attorneys Mr. Hernandez and Mr. Castelli performed a total of 77.8 hours of work. Id. Paralegals Ms. Balint, Ms. Velez, Ms. Espinal, and Ms. Carter collectively performed 48.1 hours of work billed at paralegal rates. Id. As set forth below, the Court finds that reductions are warranted based on inefficiencies reflected in the time records and the inclusion of non-compensable clerical work.

First, a review of the time records reveals inefficiencies in counsel's handling of the motion for default judgment. The time entries reflect that after the Clerk of Court issued a certificate of default on November 9, 2023, Mr. Hernandez, with the support of Ms. Balint, billed a total of 39.3 hours preparing a motion for default judgment between November 22, 2023, and

December 28, 2023. <u>See</u> ECF No. 43-2 at 3-4. This motion, however, was never filed. Instead, on September 30, 2024, after more than ten months of inactivity, the Court issued an Order to Show Cause whether the case should be dismissed for failure to prosecute. At that time, it appears that attorney Will Castelli took over and worked on the motion, billing 40.5 hours. Plaintiff's motion was filed by November 13, 2024. Although Mr. Castelli initially logged 0.4 hours to "going over the draft MTD," the majority of his time is billed to drafting and editing the motion papers. Thus, either Mr. Hernandez spent approximately 35 hours working on a motion in November-December 2023 that was un-usable, or Plaintiff is requesting more than 70 hours for a simple default motion. Either way, no reasonable paying client would accept that bill.

Under these circumstances, the time billed by Mr. Hernandez and Ms. Balint in connection with the motion for default judgment is unreasonable. "If the number of hours stated is disproportionate to the work performed, the Court should reduce the stated hours accordingly." <u>Themis Cap. v. Democratic Republic of Congo</u>, No. 09-CV-1652 (PAE), 2016 WL 817440, at *3 (S.D.N.Y. Feb. 22, 2016). Accordingly, I recommend cutting their fees for all time billed between November 22, 2023, and December 28, 2023, totaling 39.3 hours and $5,895.00.

Second, some of the paralegal hours are unreasonable. The Court's docket reflects that the complaint was filed on May 9, 2023, and summonses were issued that same day. On November 9, 2023, Plaintiff sought a Clerk's Certificate of Default, and the Clerk of Court issued the Certificates that same day. More than ten months later, on September 30, 2024, the Court issued its Order to Show Cause. Despite these extensive periods of inactivity, *hours* are billed at paralegal rates to "read/review incoming email or correspondence," "compose/send email," "assemble/gather/collect documents together," and "periodic case review." No reasonable paying client would pay for this time. Moreover, many of these tasks reflect work that

6

is administrative or clerical and thus not compensable. Finally, certain entries appear

exaggerated, such as billing 0.2 hours on July 21, 2023, to "Text & email follow up re:

scheduling call with Attorney," and another 0.2 hours on October 19, 2023, to "left voicemail for

opposing party." See ECF No. 45-2 at 2-3. Billing seven to twelve minutes for such tasks is

unreasonable and excessive.

After deducting work billed at an administrative rate and 3.8 hours from Ms. Balint's

time billed between November 22 and December 28, I recommend applying a 15% reduction to

the remaining paralegal hours resulting in 17 hours for Ms. Balint, 19.72 hours for Ms. Espinal,

0.68 hours for Ms. Velez, and 0.25 hours for Ms. Carter. See McDonald ex rel. Prendergast v.

Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006) ("[a] district

court may exercise its discretion and use a percentage deduction as a practical means of

trimming fat from a fee application.").

The remaining time reflected in the submitted timesheets is reasonable in light of the

work performed, and the default posture of the case. Accordingly, I recommend that the Court

award Plaintiff attorney's fees in the amount of $16,884.87.

## III.    Costs

Plaintiff also seeks $851.49 in costs, which consists of $402.00 in court fees, $75.49 in

postage and printing fees, and $374.00 in service of process fees. These costs are reasonable and

comparable to other amounts awarded upon default judgment. See Romita v. Anchor Tank Lines

Corp., No. 09-cv-09997 (DLC), 2011 WL 1641981, at *2 (S.D.N.Y. Apr. 29, 2011) (awarding

$504 in court costs for filing and process server fees); Int'l Ass'n of Heat & Frost Insulators &

Asbestos Workers Loc. Union No. 12A  v. Trade Winds Envtl., No. 09-cv-01771 (RJH) (JLC),

2010 WL 8020302, at *6 (Dec. 23, 2010), report and recommendation adopted, 2011 WL

5843757 (S.D.N.Y. Nov. 18, 2011). I recommend that the Court award Plaintiff $851.49 in costs.

## IV.     Post-Judgment Interest

Plaintiff also seeks post-judgment interest. The applicable federal statute, 28 U.S.C. §

1961(a), provides that "[i]nterest shall be allowed on any money judgment in a civil case

recovered in a district court … calculated from the date of entry of the judgment." Where a court

has determined that a party is entitled to attorney's fees, post-judgment interest accrues from the

date of that determination, even if the precise amount of fees is fixed at a later time. See

Greathouse v. JHS Inc., No. 11-cv-7845 (PAE)(GWG), 2017 WL 606507, at *7 (Feb. 15, 2017),

report and recommendation adopted, 2017 WL 4174811 (S.D.N.Y. Sept. 20, 2017); see also

Auto. Club of N.Y., Inc. v. Dykstra, No. 04-cv-2576 (SHS), 2010 WL 3529235, at *5 (S.D.N.Y.

Aug. 24, 2010). Accordingly, I recommend that post-judgment interest be awarded pursuant to

28 U.S.C. § 1961(a), accruing from the date of the Court's judgment, with the applicable rate to

be calculated by the Clerk.

## CONCLUSION

For the reasons set forth above, I recommend that the Court GRANT Plaintiff's motion

and award Plaintiff attorney's fees in the amount of $16,884.87 and costs in the amount of

$851.49. Plaintiff should be awarded post-judgment interest pursuant to 28 U.S.C. § 1961.

SARAH NETBURN
United States Magistrate Judge

DATED:     January 22, 2026
           New York, New York

\*                    \*                    \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

The parties shall have 14 days from the service of this Report and Recommendation to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 6(a), 6(d). A party may respond to another party's objections within 14 days after being served with a copy. Fed. R. Civ. P. 72(b)(2); see Fed. R. Civ. P. 6(a), 6(d). These objections shall be filed with the Court and served on any opposing parties. See Fed. R. Civ. P. 72(b)(2). Courtesy copies shall be delivered to the Honorable Mary Kay Vyskocil if required by that judge's Individual Rules and Practices. Any requests for an extension of time for filing objections must be addressed to Judge Vyskocil. See Fed. R. Civ. P. 6(b). The failure to file timely objections will waive those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. James, 712 F.3d 79, 105 (2d Cir. 2013

9